UNITED STATES DISTRICT COURT
EASTERN DIVISION OF MICHIGAN
SOUTHERN DIVISION

EVANS CHEATOMS JR.,

     Plaintiff,

-v-

CITY OF DETROIT, a municipal corporation; CITY OF DETROIT POLICE DEPARTMENT; DETECTIVE ALFREDO JIMENEZ, OFFICER MICHAEL KRANTZ, OFFICER IBRAHIM KAKISH, SERGEANT GERARD FRANKLIN, DETECTIVE TERRY CROSS NELSON, DETECTIVE KENNETH LEONARD, OFFICER KYLE F. JOHNSON, OFFICER SCOTT POVISH, DETECTIVE STEVEN TURNER, in their Individual Capacities, Jointly and Severally.

     Defendants.

Case No.:
Hon.

---

GEOFFREY N. FIEGER (P30441)
JAMES J. HARRINGTON, IV (P65351)
MILICA FILIPOVIC (P80189)
***Fieger, Fieger, Kenney & Harrington, P.C.***
Attorneys for Plaintiff
19390 W. 10 Mile Rd.,
Southfield, MI 48075
P: (248) 355-5555/ F: (248) 355 5148
m.filipovic@fiegerlaw.com

---

## **COMPLAINT AND DEMAND FOR A JURY**

NOW COMES Plaintiff, EVANS CHEATOM JR., by and through his attorneys FIEGER, FIEGER, KENNEY & HARRINGTON, P.C., and for his

Complaint and Demand for a Jury against the above-named Defendants, hereby states as follows:

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and under the laws of the United States Constitution, particularly under the provisions of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and under the laws of the United States, particularly under the Civil Rights Act, 42 U.S.C. §§ 1983 and 1988, and under the statutes and common law of the State of Michigan.

2. This Court has jurisdiction over this cause of action under the provisions of to 28 U.S.C. §§ 1331, 1342(a)(3), 1343(a)(4), and 42 U.S.C. § 1983.

3. The actions alleged in this Complaint took place within Wayne County, State of Michigan, and as such, jurisdiction lies in the United States District Court for the Eastern District of Michigan (Southern Division)

4. Venue is proper in the Eastern District of Michigan Pursuant to 28 U.S.C. § 1391(d).

5. The amount in controversy exceeds the amount of $75,000.00, and pursuant to 28 U.S.C. §1332, this action is otherwise within the jurisdiction of this Court.

## PARTIES

6.     Plaintiff hereby reincorporates and restates each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

7.     At all times relevant hereto, Plaintiff, EVANS CHEATOM JR., was a citizen of the State of Michigan and a resident of Detroit, County of Wayne, State of Michigan.

8.     At all times relevant hereto, Defendant CITY OF DETROIT, was and is a municipal corporation, duly organized and carrying on governmental functions, including the formation, organization and operation of the Detroit Police Department, in the City of Detroit, County of Wayne, State of Michigan.

9.     At all times relevant hereto, Defendant DETECTIVE ALFREDO JIMENEZ (hereinafter referred to as "JIMENEZ") was a detective for the Detroit Police Department, Commercial Auto Theft Section, who was acting under the color of state law within the course and scope of his employment with the Detroit Police Department and was acting under the color and pretense of ordinances, regulations, laws and customs of the CITY OF DETROIT, and is being sued in his individual capacity.

10.    At all times relevant hereto, Defendant OFFICER MICHAEL KRANTZ (hereinafter referred to as "KRANTZ") was an officer working with the 6th Precinct of the Detroit Police Department, who was acting under the color of

state law within the course and scope of his employment with the Detroit Police Department and was acting under the color and pretense of ordinances, regulations, laws and customs of the CITY OF DETROIT, and is being sued in his individual capacity.

11.     At all times relevant hereto, Defendant OFFICER IBRAHIM KAKISH (hereinafter referred to as "KAKISH") was an officer working with the 6th Precinct of the Detroit Police Department, who was acting under the color of state law within the course and scope of his employment with the Detroit Police Department and was acting under the color and pretense of ordinances, regulations, laws and customs of the CITY OF DETROIT, and is being sued in his individual capacity.

12.     At all times relevant hereto, Defendant SERGEANT GERARD FRANKLIN (hereinafter referred to as "FRANKLIN) was a Sergeant working with the Commercial Auto Theft Section at the Detroit Police Department, who was acting under the color of state law within the course and scope of his employment with the Detroit Police Department and was acting under the color and pretense of ordinances, regulations, laws and customs of the CITY OF DETROIT, and is being sued in his individual capacity.

13.     At all times relevant hereto, Defendant DETECTIVE TERRY CROSS NELSON (hereinafter referred to as "NELSON") was a detective working with the Commercial Auto Theft Section at the Detroit Police Department, who was acting

under the color of state law within the course and scope of his employment with the Detroit Police Department and was acting under the color and pretense of ordinances, regulations, laws and customs of the CITY OF DETROIT, and is being sued in his individual capacity.

14.    At all times relevant hereto, Defendant DETECTIVE KENNETH LEONARD (hereinafter referred to as "LEONARD") was a detective working with the Commercial Auto Theft Section at the Detroit Police Department, who was acting under the color of state law within the course and scope of his employment with the Detroit Police Department and was acting under the color and pretense of ordinances, regulations, laws and customs of the CITY OF DETROIT, and is being sued in his individual capacity.

15.    At all times relevant hereto, Defendant OFFICER KYLE F. JOHNSON (hereinafter referred to as "JOHNSON") was working with the Detroit Police Department, who was acting under the color of state law within the course and scope of his employment with the Detroit Police Department and was acting under the color and pretense of ordinances, regulations, laws and customs of the CITY OF DETROIT, and is being sued in his individual capacity.

16.    At all times relevant hereto, Defendant OFFICER SCOTT POVISH (hereinafter referred to as "POVISH") was working with the 6th Precinct of the Detroit Police Department, who was acting under the color of state law within the

course and scope of his employment with the Detroit Police Department and was acting under the color and pretense of ordinances, regulations, laws and customs of the CITY OF DETROIT, and is being sued in his individual capacity.

17.    At all times relevant hereto, Defendant DETECTIVE STEVEN TURNER (hereinafter referred to as "TURNER") was working with the Detroit Police Department, who was acting under the color of state law within the course and scope of his employment with the Detroit Police Department and was acting under the color and pretense of ordinances, regulations, laws and customs of the CITY OF DETROIT, and is being sued in his individual capacity.

18.    At all times relevant hereto, each of the individual defendants was acting under the color of law and in the course and scope of their employment with the CITY OF DETROIT and/or Detroit Police Department, in the County of Wayne, State of Michigan.

19.    At all times relevant hereto, each individual Defendant identified herein was an employee or agent of Defendant CITY OF DETROIT, engaging in the exercise of a governmental function and conduct within the course, scope and authority of their employment or agency with Defendant CITY OF DETROIT.

## **GENERAL ALLEGATIONS**

20.    Plaintiff hereby reincorporates and restates each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

21.    Plaintiff, EVANS CHEATOM JR., was arrested pursuant to a warrant issued for Evans Andrew Cheatom, Plaintiff's estranged father, on February 24, 2019.

22.    The warrant at issue related to an attempted carjacking and armed robbery that occurred on or about July 14, 2018, at the Pizza & Fish Express located at 6540 Evergreen Avenue, in the City of Detroit, County of Wayne, State of Michigan.

23.    Upon information and belief, on or about July 14, 2018, police received notice of the attempted carjacking and armed robbery from Dalia Awada and Samira Faraj, who both fled to remove themselves from the situation. Defendants KRANTZ and KAKISH located the women, who in their attempts to flee, had hit another vehicle.

24.    Defendants KRANTZ and KAKISH took down the statements of both women and reported their description of the individual over the air. With their statements recorded, both Officers made arrangements to have the vehicle, a 2009 Cadillac Escalade serial number IGYFK532I9R12447, towed into the station for evidence.

25.    While towing the vehicle, Defendants, KRANTZ and KAKISH, were able to preserve "fresh prints" on the victim's car. (See Reporting Officer Narrative Dated 7/14/2018)

26.     On July 19, 2018, Defendant TURNER, went to the Pizza & Fish Express and met with the owner Hassn Harb to copy the security tapes of the attempted carjacking occurring on July 14, 2018.

27.     Upon information and belief, Defendant TURNER reviewed the surveillance footage as well as surveillance from July 17, 2018, where the Pizza & Fish Express representative stated that Plaintiff came into the establishment. Even with this extra information, TURNER did not make note of any differences, nor did he confirm the appearance or gait of the individuals from the two separate incidents.

28.     On July 23, 2018, Ms. Faraj attempted to identify the perpetrator via a photo array prepared by Defendant, NELSON, who was assisted by Defendant, LEONARD. Ms. Faraj did not recognize any of the pictures, which included a photo of the Plaintiff in this case.

29.     Ms. Awada reportedly made a positive ID of the Plaintiff; however, the results of her lineup identification were neither signed or dated by her or by the administering officer, Defendant JIMENEZ.

30.     During a preliminary exam on March 12, 2019, Ms. Awada's account of the story clashed with her original narrative to the police as she stated, on record, that she saw the perpetrator out of the corner of her eye "for that second." (Page 21 of Preliminary Exam from March 12, 2019)

31.    Using the unverified positive ID, a warrant, based upon incomplete information, was established for an **Evans Andrew Cheatom** without confirming the ID using the "fresh prints" retrieved from the victim's Escalade.

32.    Upon information and belief on or about February 24, 2019, Plaintiff, EVANS CHEATOM JR., pulled over pursuant to a traffic stop regarding the level on tint on his vehicle's windows and his license plate light being defective. Defendants JOHNSON and POVISH ran Plaintiff's information and discovered what they assumed to be a warrant out for **his** arrest for Carjacking, and Armed Robbery. Plaintiff was arrested the same day during this stop.

33.    During the arrest, Plaintiff repeatedly told Defendants, JOHNSON and POVISH, he never attempted or committed the crime of Carjacking and Armed Robbery during his arrest on February 24, 2019. Further, Plaintiff asked the officers to confirm the accuracy of the information they ran because his estranged father, **Evans Andrew Cheatom**, possesses the same name, and has a significant criminal history.

34.    Upon information and belief, on February 24, 2019, Defendants, JOHNSON and POVISH, acting within the scope of their employment as state employees did not check to ensure the accuracy of the information ran during Plaintiff's arrest.

35.     Upon information and belief, Plaintiff was arraigned on February 25, 2019, with an excessive bond of $750,000 cash, which Plaintiff could not produce, so he remained in jail. During this time, Plaintiff retained a criminal defense attorney to represent him for the charges that he consistently maintained he did not commit.

36.     Upon information and belief, the discovery provided to Plaintiff and his criminal defense counsel appeared to show a completely different individual committing the crime that in no way resembled the Plaintiff.

37.     On or about June 10, 2019, the court granted Plaintiff's motion for bond reconsideration based on an excessive bond. This reduction led to the Plaintiff's release on a tether granted that same day.

38.     On or about August 21, 2019, the charges levied against Plaintiff were dismissed by Judge Hathaway in the Third Judicial Circuit of Wayne County.

39.     Upon information and belief, all counts were dismissed against the Plaintiff, because the fingerprint evidence did not match that of the Plaintiff, despite Plaintiff being fingerprinted upon his arrest months prior.

40.     At all times relevant hereto, Plaintiff, EVANS CHEATOM JR., maintained his innocence during his incarceration despite being deprived of his liberty from February 24, 2019, to June 10, 2019, with the subsequent dismissal of all charges happening on August 21, 2019, for the attempted carjacking that occurred at Pizza & Fish Express on July 14, 2018.

41.     Defendants made a deliberate, knowing, intentional and/or reckless choice to incarcerate Plaintiff, EVANS CHEATOM JR., for one hundred and six (106) days for carjacking and armed robbery despite being informed about the identification confusion with Plaintiff's estranged father, having Plaintiff's fingerprints, and the evidence not matching the description of the Plaintiff.

42.     Defendants made a deliberate, knowing, and intentional and/or reckless choice to keep Plaintiff, EVANS CHEATOM JR., incarcerated for one hundred and six (106) days for carjacking, armed robbery, unlawful driving away, receiving and concealing stolen property, and eight additional weapons charges without first confirming they had run the correct information during the February 24, 2019, traffic stop, and arresting him for charges he did not commit.

43.     At the time of Plaintiff, EVANS CHEATOMS JR.'s arrest, the Defendants had access to the "fresh prints" and surveillance footage which identified an individual that in no way resembles the Plaintiff.

44.     At all times relevant hereto, Plaintiff, EVANS CHEATOMS JR, and his estranged father and/or the individual on the surveillance footage do not, in any way, resemble one another in appearance or gait.

45.     At all times relevant hereto, Plaintiff, EVANS CHEATOM JR.'s, possessed the clearly established constitutional right to be free from arrest and continued unlawful detention pursuant to the Fourth Amendment, Fifth Amendment

and Fourteenth Amendment of the United States Constitution, as applicable to the States via the Fourteenth Amendment.

46.    At all times relevant hereto, Defendant, CITY OF DETROIT, was aware, or should have been aware that its police personnel, including but not limited to, Defendants JIMENEZ, KRANTZ, KAKISH, FRANKLIN, NELSON, LEONARD, JOHNSON, POVISH, AND TURNER, would confront situations as described herein and that a substantial risk of serious harm existed and was conscious of the risk of harm posed by Defendants, JIMENEZ, KRANTZ, KAKISH, FRANKLIN, NELSON, LEONARD, JOHNSON, POVISH, AND TURNER.

47.    At all times relevant hereto, Defendant CITY OF DETROIT, failed to properly supervise and/or train its personnel or otherwise create and enforce a custom, policy, or procedure, who engaged in similar misconduct was objectively unreasonable and demonstrated a deliberate indifference to incidents and complaints against its personnel and to the deprivation of clearly established rights of individuals, such as was caused to Plaintiff, EVANS CHEATOM JR.

48.    The failure of Defendant, CITY OF DETROIT, to properly supervise, train, and/or discipline their officers when similar misconduct occurred constituted a tacit approval of conduct certain to violate the constitutional rights of detainees under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution, with which future violation were certain to occur.

49.    The misconduct of Defendants directly and proximately caused Plaintiff, EVANS CHEATOM JR.'s, injuries as set forth herein.

**COUNT I**
**42 U.S.C. §1983 VIOLATION**
**FOURTH, FIFTH and FOURTEENTH AMENDMENT**
<u>**ALL DEFENDANTS**</u>

50.    Plaintiff hereby reincorporates and restates each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

51.    Plaintiff, EVANS CHEATOM JR., had the clearly established right to liberty protected by the Due Process Clause of the Fifth Amendment, as applicable to the States via the Fourteenth Amendment.

52.    Plaintiff, EVANS CHEATOM JR., had the clearly established right to be free from arrest and continued unlawful detention pursuant to the Fourth Amendment, as applicable to the States via the Fourteenth Amendment.

53.    At all times relevant hereto, Defendant JIMENEZ, was acting under the color of state law and in his capacity as a City of Detroit police detective and his acts and/or omissions were conducted within the scope of his official duties and employment.

54.    At all times relevant hereto, Defendant NELSON, was acting under the color of state law and in his capacity as a City of Detroit police detective and his acts and/or omissions were conducted within the scope of his official duties and employment.

55. At all times relevant hereto, Defendant POVISH, was acting under the color of state law and in his capacity as a City of Detroit police officer and his acts and/or omissions were conducted within the scope of his official duties and employment.

56. At all times relevant hereto, Defendant KRANTZ, was acting under the color of state law and in his capacity as a City of Detroit police officer and his acts and/or omissions were conducted within the scope of his official duties and employment.

57. At all times relevant hereto, Defendant JOHNSON, was acting under the color of state law and in his capacity as a City of Detroit police officer and his acts and/or omissions were conducted within the scope of his official duties and employment.

58. At all times relevant hereto, Defendant KAKISH, was acting under the color of state law and in his capacity as a City of Detroit police officer and his acts and/or omissions were conducted within the scope of his official duties and employment.

59. At all times relevant hereto, Defendant FRANKLIN, was acting under the color of state law and in his capacity as a City of Detroit police sergeant and his acts and/or omissions were conducted within the scope of his official duties and employment.

60.     At all times relevant hereto, Defendant LEONARD, was acting under the color of state law and in his capacity as a City of Detroit police detective and his acts and/or omissions were conducted within the scope of his official duties and employment.

61.     At all times relevant hereto, Defendant TURNER, was acting under the color of state law and in his capacity as a City of Detroit police detective and his acts and/or omissions were conducted within the scope of his official duties and employment.

62.     At all times relevant hereto, Plaintiff, EVANS CHEATOM JR., had not committed a crime, was not engaged in the commission of a crime, and was not about to commit a crime when he was arrested on February 24, 2019.

63.     The acts and omissions of the Defendants were willful, wanton, reckless, malicious, oppressive, and/or with a conscious and/or reckless disregard for the constitutional rights of Plaintiff, EVANS CHEATOM JR.

64.     The actions and omissions of acts by Defendants, individually, and as agents of Defendant, CITY OF DETROIT, deprived Plaintiff of his clearly established rights, privileges, and immunities guaranteed to him under the United States Constitution, specifically those set forth under the Fourth, Fifth and Fourteenth Amendments, as evidence by the following particulars:

    a.      Failing to properly investigate the attempted carjacking and armed robbery at 6540 Evergreen Avenue, in Detroit, Michigan;

b.  Arresting Plaintiff, EVANS CHEATOM JR., as the perpetrator of the crimes mentioned in (a) without probable cause;

c.  Disregarding the surveillance footage of Pizza & Fish Express showing the Plaintiff did not commit the acts in question;

d.  Disregarding fingerprint evidence which would have confirmed Plaintiff's innocence;

e.  Disregarding victim Faraj's inability to accurately identify the perpetrator;

f.  Failing to use due care to ascertain whether the Plaintiff was the actual person being sought for the crime, especially in light of the fact that Plaintiff maintained his innocence, that surveillance footage was available, fingerprint evidence was available, a negative identification by one of the victims, and the only positive identification was not authenticated by signature;

g.  Failing to follow state statutes, regulations, municipal ordinances, and policies designed to protect against the jailing of innocent people and to ensure the identity of those arrested;

h.  Failing to preserve and protect the peach and protect the lawful rights of citizens;

i.  Failing to properly and timely identify Evan Andrew Cheatom, Plaintiff's father, as the perpetrator;

j.  Failing to obtain a proper arrest warrant;

k.  Failing to investigate Plaintiff EVANS CHEATOM JR.'s repeated protests of innocence, even if the warrant under which he was arrested and detained met the standards of the Fourth Amendment;

l.  Failing to conduct reasonable inquiry into the discrepancy between the video images of Plaintiff's father who has a limp and Plaintiff CHEATOM who does not;

m.  Failing to conduct reasonable inquiry into the discrepancy between the fingerprints found on the car and Plaintiff's; and

n.  Any and all other breaches as they become known throughout the course of this litigation.

65.  The conduct of the Defendants, as described above, deprived Plaintiff, EVANS CHEATOM JR., of his clearly established rights, privileges and immunities in violation of the Fourth and Fifth Amendments (incorporated through the Fourteenth Amendment) of the Constitution of the United States.

66.  As the direct and proximate result of the actions and/or omissions of Defendants, Plaintiff, EVANS CHEATOM JR., suffered the following damages to wit, including, but not limited to:

a.  Suffering a deprivation of liberty by being wrongfully arrested and detained for a period of one hundred and six (106) days;

b.  Severe emotional distress for the period from his arrest to the present, including, but not limited to: the emotional distress of being charged with (1) armed robbery; (2) carjacking; (3) unlawful driving away; (4) receiving and concealing stolen property; (5) carrying with unlawful intent; (6) possession of a firearm by a felon; and (7) six counts of weapons felon firearm;

c.  Physical manifestations of emotional distress including, but not limited to, sleeplessness, irritability, loss of appetite, headaches, and other symptoms;

d.  Fright, shock, indignity, humiliation, outrage, and embarrassment of being wrongfully charged and imprisoned for the above-mentioned crimes in (p);

e.  Loss of enjoyment of daily activities including, but not limited to, spending time with his five (5) children;

f.  Loss of employment opportunity, past income;

g.  Restricted and/or complete loss of forms of personal freedom and physical liberty, including but not limited to diet, sleep, personal

contact, educational opportunity, vocational opportunity, personal fulfillment, sexual activity, family relations, recreational activities, and personal expression;

h. Compensatory and punitive damages;

i. Any and all other damages otherwise recoverable under U.S.C. §§1983 and 1988; and

j. Other damages which may be revealed through discovery.

**WHEREFORE**, Plaintiff, EVANS CHEATOM JR., respectfully requests this Honorable Court enter judgement in his favor against Defendants, jointly and severally, in an amount greatly in excess of seventy-five thousand dollars ($75,000.00), exclusive of costs, interest and attorney fees.

**COUNT II- MONELL LIABILITY**
**42 U.S.C. §1983 – FAILURE TO TRAIN/SUPERVISE;**
**CUSTOM OR PRACTICE OF TOLERATING THE VIOLATION OF**
**FEDERAL RIGHTS; INADEQAUTE POLICY**
**<u>DEFENDANT CITY OF DETROIT</u>**

67.     Plaintiff hereby reincorporates and restates each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

68.     The conduct of Defendants JIMENEZ, KRANTZ, KAKISH, FRANKLIN, NELSON, LEONARD, JOHNSON, POVISH, AND TURNER, as described throughout, was performed under the color of law, while Defendants were working for and with the authority of Defendant, CITY OF DETROIT.

69.     At all times relevant hereto, Defendant, CITY OF DETROIT, had a custom, pattern, and/or practice of failing to supervise and/or train Defendants

JIMENEZ, KRANTZ, KAKISH, FRANKLIN, NELSON, LEONARD, JOHNSON, POVISH, and TURNER, and other Detroit Police Department officers in a reasonable manner to prevent such conduct.

70.    The failure of Defendant, CITY OF DETROIT, to properly supervise and/or train its personnel or otherwise create and enforce a custom, policy, or procedure, who engaged in similar misconduct was objectively unreasonable and demonstrated a deliberate indifference to incidents and complaints against its personnel and to the deprivation of clearly established rights of individuals, such as was caused to Plaintiff.

71.    Defendant CITY OF DETROIT was aware or should have been aware that the individual DEFENDANTS and its police personnel would confront situations as described herein and that a substantial risk of serious harm existed and was conscious of the risk of harm posed by the individual DEFENDANTS.

72.    Defendant CITY OF DETROIT was aware or should have been aware that Detroit Police Department personnel would confront situations where people are arrested and maintain their innocence and how to respond to the error so as to avoid unnecessary deprivation of liberty and due process.

73.    At all times relevant, there was a clear and persistent pattern of violations of Fourth, Fifth and Fourteenth Amendment violations such as wrongful arrest and incarceration, as described in the preceding paragraphs.

74.     At all times relevant, Defendant, CITY OF DETROIT, through its appointed officials, employees, agents and/or representatives, knew or should have known that there was a clear and persistent pattern of violations of wrongfully arresting and incarcerating individuals based on a mistaken identity described in the preceding paragraphs and Defendant CITY OF DETROIT ratified the behavior and conduct of its employees when the Defendants failed to release Plaintiff from his wrongful incarceration for 106 days.

75.     At all times relevant, Defendant CITY OF DETROIT was on notice, through its appointed officials, employees, agents and/or representatives that Plaintiff, EVANS CHEATOM JR., was wrongfully arrested for crimes he did not commit, and wrongfully incarcerated for 106 days  and that there was a clear and consistent pattern of wrongful arrests and prolonged incarceration based on mistaken identity, as described in the preceding paragraphs.

76.     Upon all information and belief, Defendant CITY OF DETROIT and its policy makers acquiesced in the Detroit Police Department officer's violation of people's rights to be free from wrongful arrest and deprivation of liberty through wrongful incarceration.

77.     Upon all information and belief, it was the custom or practice of Defendant CITY OF DETROIT to tolerate the Detroit Police Department officers' violations of the right to be free from wrongful arrest and the deprivation of liberty

through wrongful incarceration which allowed the officers to continue to engage in the unlawful behavior.

78.     Upon information and belief, instead of suspending or disciplining the deputies for failing to address the wrongful arrest and incarceration of individuals based on mistaken identity, Defendant CITY OF DETROIT refused to discipline its officers, failed to fully investigate allegations regarding the officers wrongful arrest and incarceration based on mistaken identity, looked the other way and, thus, tacitly encouraged such behavior.  In doing so, Defendant CITY OF DETROIT condoned, ratified and or encouraged the officers to wrongfully arrest and incarcerate individuals and deliberately ignore the wrongful arrest based on mistaken identity as a matter of policy.

79.     At all times relevant, there was a complete failure to train, supervise and discipline Defendants JIMENEZ, KRANTZ, KAKISH, FRANKLIN, NELSON, LEONARD, JOHNSON, POVISH, AND TURNER, and the training, supervision, and lack of discipline was so reckless that future violations of the constitutional rights of citizens to be free from violations of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, as described in the preceding paragraphs, was certain to occur.

80.     As the direct and proximate result of Defendant, CITY OF DETROIT's custom or practice of tolerating the violation of federal rights, Defendant CITY OF

DETROIT, demonstrated a reckless disregard to Plaintiff, EVANS CHEATOM

JR.'s, right to be free from unlawful arrest, and deprivation of liberty, and caused

constitutional deprivation of his clearly established rights, privileges, and

immunities in violation of the Fourth and Fifth Amendment (through the Fourteenth

Amendment) of the Constitution of the United States, as evidenced by the following

particulars:

a.  Deliberately ignoring, Plaintiff's claims of innocence;

b.  Failing to properly train police officers and detectives in the proper identification of a suspected criminal;

c.  Failing to hire individuals whose character and personality would not pose a potential danger to the residents and guests of City of Detroit, and Plaintiff, Evans Cheatom Jr.;

d.  Failing to discipline, investigate, and/or discharge any officers involved in the wrongful detention, arrest, and imprisonment of citizens, and in particular, Plaintiff, Evans Cheatom Jr.;

e.  Failing to train in the proper amount of force to be utilized for citizens, arrestees, and/or detainees;

f.  Failing to train in the proper investigation of evidence received from the crime, such as video surveillance that demonstrates a perpetrator with a limp;

g.  Failing to train in the proper investigation of evidence received from the crime, such as fingerprints indicating another individual;

h.  Failing to train in the proper administration of photo arrays to ensure accuracy and prevent the tainting of results;

i.  Knowingly and recklessly failing to discipline, instruct, supervise, or control officers' conduct, thereby encouraging acts

or omissions that contributed to the arrest of Plaintiff, Evans Cheatom Jr.;

j.    Failing to train and/or supervise the Defendant officers and detectives who failed to check files, statements, and video surveillance available to them that would have given them pertinent information on the true identity of the perpetrator;

k.    Failing to investigate repeated pleas of innocence and/or wrongful arrest from the Plaintiff, Evans Cheatom Jr.;

l.    Failing to train officers to use due care in ascertaining the correct individual suspected of a crime;

m.    Any and all other breaches as they become known throughout the course of this litigation.

81.    As the direct and proximate result of the actions and/or omissions of Defendants, Plaintiff, EVANS CHEATOM JR., suffered the following damages to wit, including, but not limited to:

a.    Suffering a deprivation of liberty by being wrongfully arrested and detained for a period of one hundred and six (106) days;

b.    Severe emotional distress for the period from his arrest to the present, including, but not limited to: the emotional distress of being charged with (1) armed robbery; (2) carjacking; (3) unlawful driving away; (4) Receiving and Concealing stolen property; (5) carrying with unlawful intent; (6) possession of a firearm by a felon; and (7) six counts of weapons felon firearm;

c.    Physical manifestations of emotional distress including, but not limited to, sleeplessness, irritability, loss of appetite, headaches, and other symptoms;

d.    Fright, shock, indignity, humiliation, outrage, and embarrassment of being wrongfully charged and imprisoned for the above-mentioned crimes in (b);

e.    Loss of enjoyment of daily activities including, but not limited to, spending time with his five (5) children;

f.    Loss of employment opportunity, past income;

g.    Restricted and/or complete loss of forms of personal freedom and physical liberty, including but not limited to diet, sleep, personal contact, educational opportunity, vocational opportunity, personal fulfillment, sexual activity, family relations, recreational activities, and personal expression;

h.    Compensatory and punitive damages;

i.    Any and all other damages otherwise recoverable under U.S.C. §§1983 and 1988; and

j.    Other damages which may be revealed through discovery.

**WHEREFORE**, Plaintiff, EVANS CHEATOM JR., respectfully requests this Honorable Court enter judgement in his favor against Defendants, jointly and severally, in an amount greatly in excess of seventy-five thousand dollars ($75,000.00), exclusive of costs, interest and attorney fees.

## COUNT III: COMMON LAW
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## ALL DEFENDANTS

82.    Plaintiff hereby reincorporates and restates each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

83.    At all times relevant herein, the individually named Defendants, notwithstanding their standard duty of care, owed to Plaintiff, EVANS CHEATOM JR., the duty to refrain from inflicting intentional emotional distress upon Plaintiff.

84.     At all times relevant herein, the individually named Defendants, notwithstanding their standard duty of care, owed to Plaintiff, EVANS CHEATOM JR., the duty to refrain from treating Plaintiff, a law-abiding citizen, in an extremely and outrageously abusive manner.

85.     At all times relevant herein, the individually named Defendants, notwithstanding their standard duty of care, owed to Plaintiff, EVANS CHEATOM JR., the duty to refrain from depriving Plaintiff of his liberty without excuse or justification.

86.     At all times relevant hereto, Defendants intentionally, willfully, wantonly, and/or recklessly breached one or more duties owed to Plaintiff, EVANS CHEATOM JR., by:

> a.     Intentionally inflicting emotional distress upon Plaintiff by subjecting Plaintiff to being arrested and/or deprived of his liberty without reviewing surveillance footage that existed which would have shown his innocence;
>
> b.     Intentionally inflicting emotional distress upon Plaintiff by subjecting Plaintiff to being arrested and/or deprived of his liberty without properly relying on the fingerprint evidence available to them;
>
> c.     Intentionally inflicting emotional distress upon Plaintiff by subjecting Plaintiff to being arrested and/or deprived of his liberty by relying on an unauthenticated identification;
>
> d.     Intentionally inflicting emotional distress upon Plaintiff by failing to investigate claims of his innocence;

    e.    Intentionally inflicting emotional distress upon Plaintiff by refusing to release him after video surveillance and fingerprint evidence confirmed he was not the perpetrator; and

    f.    Intentionally depriving Plaintiff of his liberty and restraining his physical movement without excuse or justification.

87.    Defendants, by their extreme conduct and outrageous conduct, described above, demonstrated such intent and/or recklessness to cause Plaintiff, EVANS CHEATOM JR., severe emotional distress.

88.    Defendants' conduct can only be described as atrocious, outrageous, and utterly intolerable in a civilized society.

89.    Defendants' conduct meets the elements of the common law claim for Intentional Infliction of Emotional Distress.

**WHEREFORE**, Plaintiff, EVANS CHEATOM JR., respectfully requests this Honorable Court enter judgement in his favor against Defendants, jointly and severally, in an amount greatly in excess of seventy-five thousand dollars ($75,000.00), exclusive of costs, interest and attorney fees.

### COUNT V: FALSE ARREST
### DEFENDANTS: JIMENEZ, KRANTZ, KAKISH, FRANKLIN, NELSON, LEONARD, JOHNSON, POVISH, AND TURNER

90.    Plaintiff hereby reincorporates and restates each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

91.    That at all times pertinent to this Complaint Defendants JIMENEZ, KRANTZ, KAKISH, FRANKLIN, NELSON, LEONARD, JOHNSON, POVISH,

AND TURNER acted within the scope of their employment for Defendant, City of City of Detroit, used its authority, to arrest, assault, and wrongfully charge Plaintiff, EVANS CHEATOM JR., based upon violations of his Constitutionally protected rights.

92.    That no warrant should have been issued by and magistrate for the arrest and detention of Plaintiff, EVANS CHEATOM JR., nor did Plaintiff commit any criminal offense in the presence of any of the Defendants.

93.    That Defendants JIMENEZ, KRANTZ, KAKISH, FRANKLIN, NELSON, LEONARD, JOHNSON, POVISH, AND TURNER physically, or tacitly, restrained Plaintiff, EVANS CHEATOM JR., without proper justification or probable cause and deprived him of personal liberty and freedom of movement.

94.    That Plaintiff, EVANS CHEATOM JR., did not consent to the restraint and he was conscious of the unlawful confinement.

95.    That at all times pertinent hereto, Defendants JIMENEZ, KRANTZ, KAKISH, FRANKLIN, NELSON, LEONARD, JOHNSON, POVISH, AND TURNER were in violation of Article 1, Section II of the Michigan Constitution of 1963 and the United States Constitution.

96.    That as a proximate result of Defendants JIMENEZ, KRANTZ, KAKISH, FRANKLIN, NELSON, LEONARD, JOHNSON, POVISH, AND TURNER'S gross negligence and intentional, willful, wanton, reckless, and

malicious unlawful conduct, Plaintiff, EVANS CHEATOM JR., suffered injuries, including but not limited to:

    a. Economic injuries;

    b. Psychological injuries;

    c. Pain and suffering;

    d. Anxiety;

    e. Shame;

    f. Fear; and

    g. Loss of liberty;

    h. Emotional distress;

    i. Fright and Shock;

    j. Humiliation and/or mortification;

    k. Economic loss;

    l. Punitive damages;

    m. Exemplary Damages

    n. Attorneys fees and costs pursuant to 42 U.S.C. §1988;

    o. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

    p. Any other damages allowed by law;

97.    The acts and/or omissions of INDIVIDUAL DEFENDANTS were willful, wanton, reckless, malicious, oppressive, and/or done with a conscious or reckless disregard for the constitutional rights of Plaintiff, EVANS CHEATOM JR.. Plaintiff therefore requests an award of punitive and exemplary damages. Plaintiff has retained private counsel to represent him in this matter and is entitled to an award of attorney fees.

**WHEREFORE**, Plaintiff, EVANS CHEATOM JR., respectfully requests this Honorable Court enter judgement in his favor against Defendants JIMENEZ, KRANTZ, KAKISH, FRANKLIN, NELSON, LEONARD, JOHNSON, POVISH, AND TURNER, jointly and severally, in an amount greatly in excess of seventy-five thousand dollars ($75,000.00), exclusive of costs, interest and attorney fees.

## COUNT VII:
## GROSS NEGLIGENCE OF INDIVIDUAL DEFENDANTS

98.    Plaintiff hereby incorporates and re-alleges by reference all above Paragraphs, as though the same were fully set forth herein word for word.

99.    That pursuant to MCL 691.1407(2)(c), gross negligence is defined as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results."

100.   That DEFENDANTS are not entitled to qualified immunity because the actions relevant to this Complaint amounted to gross negligence.

101.   That DEFENDANTS, as agents of the CITY OF DETROIT had a duty to exercise due care, avoiding any action, implicit or explicit, or omission that would result in injury or harm to the Plaintiff.

102.   That the events giving rise to this Complaint show DEFENDANTS demonstrated gross negligence because of the clear lack of concern for the wellbeing

of Plaintiff, EVANS CHEATOM JR., thus removing their ability to claim qualified immunity.

103.   That as a proximate result of DEFENDANTS' gross negligence, Plaintiff suffered injuries, including but not limited to:

     a.  Economic injuries;

     b.  Psychological injuries;

     c.  Pain and suffering;

     d.  Anxiety;

     e.  Shame;

     f.  Fear; and

     g.  Loss of liberty;

     h.  Emotional distress;

     i.  Fright and Shock;

     j.  Humiliation and/or mortification;

     k.  Economic loss;

     l.  Punitive damages;

     m. Exemplary Damages

     n.  Attorneys fees and costs pursuant to 42 U.S.C. §1988;

     o.  Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

     p.  Any other damages allowed by law;

104.   Defendants are liable for Plaintiff's injuries and damages pursuant to MCL 691.1407(2).

105.   The acts and/or omissions of INDIVIDUAL DEFENDANTS were willful, wanton, reckless, malicious, oppressive, and/or done with a conscious or

reckless disregard for the constitutional rights of Plaintiff, EVANS CHEATOM JR..

Plaintiff therefore requests an award of punitive and exemplary damages. Plaintiff

has retained private counsel to represent him in this matter and is entitled to an award

of attorney fees.

WHEREFORE, Plaintiff, EVANS CHEATOM JR., respectfully requests

this Honorable Court enter judgement in his favor against Defendants, jointly and

severally, in an amount greatly in excess of seventy-five thousand dollars

($75,000.00), exclusive of costs, interest and attorney fees.

Respectfully Submitted,

*/s/ Milica Filipovic*

GEOFFREY N. FIEGER (P30441)
JAMES J. HARRINGTON, IV (P65351)
MILICA FILIPOVIC (P80189)
***Fieger, Fieger, Kenney & Harrington, P.C.***
Attorneys for Plaintiff
19390 W. 10 Mile Rd.,
Southfield, MI 48075
P: (248) 355-5555 / F: (248) 355 5148
m.filipovic@fiegerlaw.com

Dated: February 24, 2022

UNITED STATES DISTRICT COURT
EASTERN DIVISION OF MICHIGAN
SOUTHERN DIVISION

EVANS CHEATOMS JR.,

     Plaintiff,                       Case No.:
                                                 Hon.

-v-

CITY OF DETROIT, a municipal corporation; CITY
OF DETROIT POLICE DEPARTMENT;
DETECTIVE ALFREDO JIMENEZ, OFFICER
MICHAEL KRANTZ, OFFICER IBRAHIM
KAKISH, SERGEANT GERARD FRANKLIN,
DETECTIVE TERRY CROSS NELSON,
DETECTIVE KENNETH LEONARD, OFFICER
KYLE F. JOHNSON, OFFICER SCOTT POVISH,
DETECTIVE STEVEN TURNER, in their
Individual Capacities, Jointly and Severally.

     Defendants.

_____

GEOFFREY N. FIEGER (P30441)
JAMES J. HARRINGTON, IV (P65351)
MILICA FILIPOVIC (P80189)
***Fieger, Fieger, Kenney & Harrington, P.C.***
Attorneys for Plaintiff
19390 W. 10 Mile Rd.,
Southfield, MI 48075
P: (248) 355-5555/ F: (248) 355 5148
m.filipovic@fiegerlaw.com

_____

## DEMAND FOR A TRIAL BY JURY

    NOW COMES Plaintiff, EVANS CHEATOM JR., by and through his

attorneys, FIEGER, FIEGER, KENNEY & HARRINGTON, P.C., and hereby

demands a trial by jury in the above-captioned matter.

{00912347.DOCX}               32

Respectfully Submitted,

By: *Milica Filipovic*
　　GEOFFREY N. FIEGER (P30441)
　　JAMES J. HARRINGTON, IV (P65351)
　　MILICA FILIPOVIC (P80189)
　　***Fieger, Fieger, Kenney & Harrington, P.C.***
　　Attorneys for Plaintiff
　　19390 West 10 Mile Road
　　Southfield, MI 48075
　　P: (248) 355-5555 / F: (248) 355-5148
　　m.filipovic@fiegerlaw.com

Dated: February 24, 2022